UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KAREN A. COLES,<br>  3801 Suitland Road, S.E.<br>  Washington, D.C. 20020<br><br>            Plaintiff,<br><br>      v.<br><br>DAVID M. WALKER,<br>  Comptroller General<br>  Of The United States,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

COMPLAINT AND DEMAND FOR JURY TRIAL

Preliminary Statement

1.)  This is an action by Karen A. Coles who was denied a position as a GS-14 senior Criminal Investigator with the Government Accountability Office ("GAO") Office of Special Investigations, on account of her race (African American) and in retaliation for Ms. Coles' successful pursuit of a civil action against her current employer, the General Services Administration ("GSA") Office of Inspector General ("OIG"), under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16.  Coles v. Perry, Civil Action No. 01-0732 (D.D.C.).

2.)  Ms. Coles was originally employed by GSA OIG in 1991 as a Special Agent responsible for the coordination of criminal investigations of white collar crime between GSA OIG Headquarters in Washington, D.C., and its field offices around the country.

1

3.)   Between November 24, 1997, through June 12, 1998, GSA OIG detailed Ms. Coles to the GAO Office of Special Investigations, where she was rated at the "Outstanding" level by senior management, including the Assistant Comptroller General for Special Investigations.

4.)   Effective March 29, 1999, GSA OIG involuntarily removed Ms. Coles from federal law enforcement, demoted Ms. Coles to GS-12, and involuntarily reassigned her to a position as a journeymen level, GS-12 Management Analyst.

5.)   After exhausting her administrative remedies, Ms. Coles brought suit in Coles v. Perry.  On August 6, 2003, a jury returned six verdicts in Ms. Coles' favor and found, among other matters, that GSA OIG removed Ms. Coles from her Special Agent position in violation of Title VII.

6.)   On March 31, 2004, the U.S. District Court (per the Hon. John M. Facciola) entered a Memorandum and Order granting Ms. Coles' motion for equitable relief.  Among other matters, the District Court ordered GSA OIG to reinstate Ms. Coles as a Criminal Investigator and to promote her to GS-14.

7.)   Despite the District Court's Memorandum and Order, Ms. Coles remains assigned to the same GS-12 management analyst position to which GSA OIG unlawfully reassigned her in March of 1999, albeit with retained pay at the GS-14 level, and performs no law enforcement duties.

8.)   On two occasions, first in moving for equitable relief and then on reconsideration, Ms. Coles moved the District Court to permit

her to represent that her employment as a Special Agent with GSA OIG had been uninterrupted since July 29, 1991, when applying for law enforcement positions with other federal agencies.

9.)   GSA OIG opposed both such efforts by Ms. Coles and, almost alone in this respect, successfully persuaded the District Court to deny Ms. Coles the relief that she sought.

10.) On July 22, 2004, GAO Office of Special Investigations posted a Vacancy Announcement to solicit applications for two senior GS-14 Criminal Investigators.

11.) Ms. Coles timely applied for both positions and, in light of the District Court's denial of her request to represent that she had been continuously employed as a Special Agent with GSA OIG since 1991, disclosed that she had been reinstated in federal law enforcement as a result of having prevailed in <u>Coles v. Perry</u>.

12.) Despite being the best qualified candidate, GAO Office of Special Investigations did not select Ms. Coles for either of the two vacant GS-14 Criminal Investigator positions it had advertised, and instead selected two less qualified nonminority candidates, neither of whom had engaged in activity protected under Title VII of the Civil Rights Act.

13.) During the selection process, the official under whose supervision Ms. Coles would have worked had she been selected and who was actively involved in the selection process admitted that Ms. Coles was the best qualified candidate, but that he was eliminating her because of her earlier EEO complaint against GSA OIG.

14.) GAO failed to select Ms. Coles for either of the two Criminal Investigator positions it had advertised on account of her race and in retaliation for Ms. Coles' participation in activity protected under Title VII, namely pursuing suit and prevailing in Coles v. Perry.

15.) To remedy defendant's unlawful conduct, plaintiff seeks a position as a GS-1811 Grade 14 Special Agent assigned to the GAO Office of Special Investigations; backpay; compensatory damages; and an award of attorneys fees and costs.

### Parties, Jurisdiction, and Venue

16.) Plaintiff Karen A. Coles is a black female employed with the General Services Administrative Office of Inspector General.  Ms. Coles is a citizen of the District of Columbia and resides at the address recited in the caption of this Complaint.

17.) Defendant David M. Walker is the Comptroller General of the United States and, as such, is the head of the Government Accountability Office, an agency in the legislative branch of the federal government.  The mission of the Government Accountability Office includes conducting studies for Congress that evaluate federal programs for the purpose of improving government programs and assisting Congress in oversight of the executive branch.  Defendant is sued in his official capacity only.

18.) Jurisdiction of this Court is based upon 28 U.S.C. §1332, and 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2000e-5(c)).  Venue lies in this judicial district pursuant to 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2000-5(f)(3)),

because the acts of discrimination and reprisal occurred in this judicial district where plaintiff would have been employed.

## Statement Of Facts

### Background

19.) Ms. Coles was hired by the Office of Inspector General ("OIG") of the General Services Administration ("GSA") on July 29, 1991, as a Grade 13 Special Agent. She entered the field of white collar criminal law enforcement in 1986, upon joining the U.S. Department of Agriculture's Office of Inspector General, after three years as a Revenue Officer with the Department of the Treasury. From 1988 to 1991, Ms. Coles served as a Special Agent for the U.S. Environmental Protection Agency Office of Inspector General.

20.) Upon joining GSA in 1991, Ms. Coles was assigned to GSA OIG Headquarters in the Office of Investigations as a Criminal Investigator and assigned to a position in federal law enforcement under the immediate supervision of the Assistant Inspector General for Investigations.

21.) The GSA OIG Office of Investigations is the component of GSA OIG which conducts white collar criminal law enforcement activities. Its law enforcement activity and authority is unique within GSA OIG.

22.) At all times relevant, when serving in a law enforcement position with GSA OIG Office of Investigations, Ms. Coles' duties and responsibilities included being responsible for conducting and coordinating investigations of suspected criminal violations affecting GSA's programs and activities. She was also appointed as a non

uniform special policeman of GSA and was deputized as a Special Deputy U.S. Marshal.

23.) Between November 24, 1997 and June 12, 1998, GSA OIG detailed Ms. Coles to the Government Accountability Office ("GAO") Office of Special Investigations, where she served as a GS-1811 Criminal Investigator.  At GAO Office of Special Investigations, Ms. Coles was responsible for conducting investigations in direct support to various Committees and Members of Congress, working both independently and as a member of an investigative team.

24.) Senior management of GAO's Office of Special Investigations rated Ms. Coles' performance during the detail at the "Outstanding" level.

25.) GAO's Assistant Comptroller for Special Investigations, who heads GAO's Office of Special Investigations, offered the following special evaluation of Ms. Coles during her detail:

> Ms. Coles adapted well to the OSI work environment and …
> she excelled in conducting a variety of criminal and other
> investigations, particularly in regard to the collection,
> analysis, and review of evidence; and the communication of
> investigative results both orally and in writing.  Working
> both independently and as part of a team, she demonstrated
> her professionalism in all aspects of her work.  Her
> overall performance has been outstanding.

In all material respects, with the exception of being one grade lower, the content of Ms. Coles' job while on detail to GAO Office of Special Investigations was the same as that of the positions which GAO Office of Special Investigations denied her that are the subjects of this Complaint.

### Coles v. Perry

26.) Effective March 29, 1999, GSA OIG involuntarily removed Ms. Coles from federal law enforcement, demoted Ms. Coles to GS-12, and involuntarily reassigned her to a position as a journeymen level Management Analyst, on the pretext that Ms. Coles was no longer medically fit to serve in a Criminal Investigator position.

27.) Ms. Coles timely initiated the administrative complaints processes to challenge her removal from federal law enforcement by GSA OIG.

28.) After exhausting her administrative remedies, on April 4, 2001, Ms. Coles initiated suit in Coles v. Perry, Civil Action No. 01-0732 (D.D.C.).

29.) On August 6, 2003, a jury returned six verdicts in Ms. Coles' favor and found, among other matters, that GSA OIG removed Ms. Coles from her Special Agent position in violation of Title VII.

30.) Proceedings concerning equitable relief for Ms. Coles' opened on August 18, 2003. In her motion for an award of equitable relief, Ms. Coles specifically sought the entry of an order permitting her to represent that her employment with GSA OIG as a Criminal Investigator was continuous since her original appointment in July of 1991, when she applied for positions in federal law enforcement outside of GSA.

31.) GSA OIG opposed Ms. Coles' motion in the foregoing respect, on the ground that permitting her to represent her employment as a Special Agent with GSA OIG as continuous would constitute misrepresentation.

32.) On March 31, 2004, the U.S. District Court (per the Hon. John M. Facciola) entered a Memorandum and Order granting Ms. Coles' request for equitable relief which, among other matters, ordered GSA OIG to reinstate Ms. Coles as a Criminal Investigator.

33.) Although the District Court granted Ms. Coles virtually all of the equitable relief she sought, its Memorandum (at 12-14) of March 31, 2004, denied Ms. Coles' request that she be authorized to represent her employment as a Special Agent with GSA OIG as continuous since July of 1991, without interruption on account of her unlawful removal from federal law enforcement and reassignment to a position outside of law enforcement as a management analyst.

34.) Concerned about the possibility of retaliation were she required to disclose the circumstances of her reinstatement in federal law enforcement, on April 12, 2004, Ms. Coles timely moved the District Court for reconsideration.

35.) Once again, GSA OIG opposed Ms. Coles' motion, arguing that she "improperly seeks immunity" to misrepresent her employment history and that, to be accurate, Ms. Coles was required by law to be "forthcoming and truthful about the existence of this lawsuit" and "avail herself of the extra spaces" on federal employment applications to "describe[] her employment history … in any way she deems appropriate" (GSA OIG Opp. at 1, 3). GSA further asserted that "it would be folly for" Ms. Coles "to represent herself as continuously working as a Special Agent" and that "she may not truthfully represent continuous employment as a Special Agent for GSA-OIG" (Id. at 3-4).

36.) On March 10, 2005, the District Court agreed with GSA OIG and denied Ms. Coles' motion for reconsideration.

**Ms. Coles' Application To GAO As A Senior Criminal Investigator**

37.) Despite the District Court's Memorandum and Order of March 31, 2004, Ms. Coles remains assigned to the same GS-12, journeyman level management analyst position to which GSA OIG unlawfully reassigned her in March of 1999, albeit with law enforcement pay.

38.) As a GS-12 management analyst, Ms. Coles performs no law enforcement functions.  Her duties and responsibilities as a journeyman GS-12 management analyst are materially different from and considerably less significant than those performed by a GS-1811 Criminal Investigator or other member of federal law enforcement. Further, Ms. Coles' professional exposure and opportunity for advancement as a journeymen level GS-12 management analyst are materially different from and less than that of a GS-1811 senior Criminal Investigator at the GS-14 level.

39.) On July 22, 2004, GAO Office of Special Investigations posted Vacancy Announcement HCO-400-OSI-2004-125A to solicit applications for two GS-14 Criminal Investigators.

40.) The GAO Office of Special Investigations is essentially the equivalent of an Office of Inspector General for GAO.  Its primary mission is to identify and investigate potential fraud, criminal misconduct, and serious wrongdoing involving federal funds, programs, and activities, often at the request of Congress.

41.) The positions being advertised by the GAO Office of Special Investigations under Vacancy Announcement HCO-400-OSI-2004-125A were

senior positions in federal law enforcement responsible, among other matters, for the coordination and execution of difficult and complex investigations of alleged and suspected violations of federal statutes or regulations and of potential fraud involving federal contracting. Candidates selected for the foregoing positions would be responsible for investigations involving high level officials of the federal government, prominent members of private industry, and multi-million dollars in contracting activity.

42.) Ms. Coles timely responded to the foregoing Vacancy Announcement and applied for both positions.

43.) In light of the District Court's denial of her two requests to represent that she had been continuously employed as a Special Agent with GSA OIG since 1991, in her application for the positions, Ms. Coles candidly disclosed that she had been reinstated as a Criminal Investigator GS-1811 retroactive to March 29, 1999, and promoted to Grade 14 retroactive to April 7, 1999, as a result of having prevailed in Coles v. Perry. Ms. Coles' application also detailed her other experience as a federal law enforcement officer including her prior six years of experience in GSA OIG; her detail to GAO Office of Special Investigations from November 24, 1997, to June 12, 1998; and her experience with the Office of Inspector General of the Environmental Protection Agency.

44.) Ms. Coles' prior experience as a Criminal Investigator with GSA OIG, GAO Office of Special Investigations, and the EPA Office of Inspector General made her the most qualified candidate who applied for a position under GAO Vacancy Announcement HCO-400-OSI-2004-125A.

She had more experience investigating contract fraud and other violations of federal law and regulation; leading and coordinating investigations of this nature; analyzing evidence; preparing reports; and engaging in oral communications concerning her investigations than any other candidate including, but not limited to, the selectees for the foregoing positions.

45.) Despite being the best qualified candidate, GAO Office of Special Investigations did not select Ms. Coles for either of the two vacant GS-14 Criminal Investigator positions advertised under Vacancy Announcement HCO-400-OSI-2004-125A, and instead selected two less qualified nonminority candidates, neither of whom had engaged in activity protected under Title VII of the Civil Rights Act.

46.) During the selection process, the official under whose supervision Ms. Coles would have worked had she been selected and who was actively involved in the selection process admitted that Ms. Coles was the best qualified candidate, but that he was eliminating her because of her earlier EEO complaint against GSA OIG.

### Exhaustion Of Administrative Remedies

47.) Plaintiff timely initiated the informal EEO complaints process on or about December 3, 2004, and timely filed a formal EEO complaint on or about February 3, 2005. Plaintiff has exhausted the administrative remedies available to her, because more than 180 days have elapsed since she filed her formal complaint of discrimination without the issuance of a Final Agency Decision.

**Count I**
**(Retaliation)**

48.) Plaintiff incorporates the allegations contained in paragraphs 1 through 47 above, as though fully set forth here.

49.) Plaintiff engaged in activity protected under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-16, when she pursued suit and prevailed in Coles v. Perry, Civil Action No. 01-0732 (D.D.C.).

50.) Plaintiff timely applied for the senior Criminal Investigator positions advertised by GAO Office of Special Investigations under Vacancy Announcement HCO-400-OSI-2004-125A.

51.) Plaintiff met all basic qualifications for the senior Criminal Investigator positions advertised by GAO Office of Special Investigations under Vacancy Announcement HCO-400-OSI-2004-125A.

52.) Plaintiff was the best qualified candidate for the senior Criminal Investigator positions advertised by GAO Office of Special Investigations under Vacancy Announcement HCO-400-OSI-2004-125A.

53.) Despite plaintiff's superior qualifications, defendant failed to select her for either of the two positions advertised by GAO Office of Special Investigations under Vacancy Announcement HCO-400-OSI-2004-125A, and instead selected two less qualified candidates, neither of whom had engaged in activity protected under Title VII of the Civil Rights Act.

54.) Defendant retaliated against plaintiff on account of her prior protected activity in Coles v. Perry by not selecting her for either of the two positions advertised by GAO Office of Special Investigations under Vacancy Announcement HCO-400-OSI-2004-125A.

55.) In not selecting plaintiff for either of the two positions advertised by GAO Office of Special Investigations under Vacancy Announcement HCO-400-OSI-2004-125A, defendant subjected plaintiff to adverse employment action.

56.) Defendant violated of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2000e-3)), in not selecting plaintiff for either of the two positions advertised by GAO Office of Special Investigations under Vacancy Announcement HCO-400-OSI-2004-125A on account of her prior protected activity.

57.) Defendant's violation of Title VII caused plaintiff to suffer physical and emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

### Count II
### (Race Discrimination)

58.) Plaintiff incorporates the allegations contained in paragraphs 1 through 57 above, as though fully set forth here.

59.) Plaintiff's race is African American.

60.) Plaintiff timely applied for the senior Criminal Investigator positions advertised by GAO Office of Special Investigations under Vacancy Announcement HCO-400-OSI-2004-125A.

61.) Plaintiff met all basic qualifications for the senior Criminal Investigator positions advertised by GAO Office of Special Investigations under Vacancy Announcement HCO-400-OSI-2004-125A.

62.) Plaintiff was the best qualified candidate for the senior Criminal Investigator positions advertised by GAO Office of Special Investigations under Vacancy Announcement HCO-400-OSI-2004-125A.

63.) Despite plaintiff's superior qualifications, defendant failed to select her for either of the two positions advertised by GAO Office of Special Investigations under Vacancy Announcement HCO-400-OSI-2004-125A, and instead selected two less qualified, nonminority candidates.

64.) Defendant discriminated against plaintiff on account of her race by not selecting her for either of the two positions advertised by GAO Office of Special Investigations under Vacancy Announcement HCO-400-OSI-2004-125A.

65.) In not selecting plaintiff for either of the two positions advertised by GAO Office of Special Investigations under Vacancy Announcement HCO-400-OSI-2004-125A, defendant subjected plaintiff to adverse employment action.

66.) Defendant violated of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16 (incorporating by reference 42 U.S.C. §2000e-2)), in not selecting plaintiff for either of the two positions advertised by GAO Office of Special Investigations under Vacancy Announcement HCO-400-OSI-2004-125A on account of her race.

67.) Defendant's violation of Title VII caused plaintiff to suffer physical and emotional pain, embarrassment, humiliation, mental anguish, inconvenience, anxiety, depression, and loss of enjoyment of life.

### PRAYER FOR RELIEF

Wherefore, plaintiff Karen A. Coles respectfully requests that the Court enter judgment in her favor and award her the following relief.

A.    An Order declaring that defendant violated plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-16.

B.    An Order directing defendant to employ plaintiff in one of the senior Criminal Investigator GS-1811-14 positions advertised in Vacancy Announcement HCO-400-OSI-2004-125A in the GAO Office of Special Investigations at the GS-14 level, retroactive to the date of the first hire under the foregoing Vacancy Announcement.

C.    Backpay.

D.    Compensatory damages in an amount to be determined at trial to compensate plaintiff for the physical and emotional pain, embarrassment, humiliation, mental anguish, inconvenience, career loss, loss of future career opportunities, loss of professional reputation, and loss of enjoyment of life caused by defendant's actions.

E.    Pre- and post-judgment interest.

F.    The attorneys' fees and costs incurred by plaintiff.

G.    Such other relief as may be just and appropriate.

**<u>Jury Demand</u>**


Plaintiff requests a trial by jury of all issues so triable.



Respectfully submitted,


Robert C. Seldon, Esq.
  D.C. Bar No. 245100
Molly E. Buie, Esq.
  D.C. Bar No. 483767
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W., Suite 305
Washington, D.C.  20004
(202) 955-6968



By: _____
Counsel for Plaintiff